IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFFREY ROUNDTREE, #08704-028, | )<br>)<br>) |
| Petitioner, | )<br>) |
| vs. | ) Case No. 18–cv–508–DRH<br>)<br>) |
| TOM WERLICH, | )<br>)<br>) |
| Respondent. | )<br>) |

## **MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner Jeffrey Roundtree, who is currently incarcerated in the Federal Correctional Institution in Greenville, Illinois ("Greenville"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). Relying on the recent cases of *Mathis v. United States*, 136 S. Ct. 2243 (2016), *Descamps v. United States*, 133 S.Ct. 2276 (2013), and *Dean v. United States*, 137 S.Ct. 1170 (2017), he challenges the sentence he received in *United States v. Roundtree*, 07-cr-164-LJM-KPF (S.D. Ind. 2010) ("Criminal Case"). (Doc. 1, p. 6). The Court concludes that the Petition does not survive preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in the

1

United States District Courts.

## Background

On March 13, 2008, Petitioner entered a guilty plea on Counts 2 and 4 in his Criminal Case pursuant to a written plea agreement. (Doc. 2, p. 5); Criminal Case, Doc. 64. Count 4, brought under 18 U.S.C. § 924(c), was based on Petitioner's brandishing of a firearm during a robbery. Criminal Case, Doc. 130. Petitioner received a 216-month (18-year) consecutive sentence under Count 4, though the crime carried a mandatory minimum consecutive term of imprisonment of not less than 25 years. (Doc. 2, p. 6); Criminal Case, Docs. 60, 130. This sentence was to run consecutive to his 84-month (7-year) sentence for Count 2 of the Criminal Case, also based on 18 U.S.C. § 924(c), that carried a mandatory minimum term of imprisonment of not less than 7 years. *Id.*

During his plea agreement proceedings, Petitioner expressly waived his right to appeal and his right to contest the sentence imposed and the manner in which it was determined in any collateral attack. Criminal Case, Doc. 60, p. 4. Petitioner has filed two unsuccessful § 2255 motions, on June 24, 2016 and June 29, 2017. Criminal Case, Docs. 148, 151.

## Discussion

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the

petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas cases.

This Court need not consider the merits of this case because Petitioner explicitly waived his right to bring this challenge in his plea agreement in the Criminal Case. Criminal Case, Doc. 60. According to the plea agreement, Petitioner agreed to waive "his right to appeal the sentence imposed" and "waive[d] his right to contest the sentence imposed and the manner in which it was determined in any collateral attack, including an action brought under Title 28, United States Code, Section 2255." *Id.*

Where a guilty plea is entered knowingly and voluntarily, appeal waivers are enforceable. *Solano v. United States*, 812 F.3d 573, 577 (7th Cir. 2016) (citing *United States v. Behrman*, 235 F.3d 1049, 1051 (7th Cir. 2000)); *United States v. Sakellarion*, 649 F.3d 634, 638 (7th Cir. 2011). "The appeal waiver stands or falls with the plea agreement." *Id.* Further, a waiver of the right to challenge a conviction or sentence under § 2255 also bars a petition under § 2241 because the waiver does not render the remedy under § 2255 inadequate or ineffective. *Muse v. Daniels*, 815 F.3d 265 (7th Cir. 2016) (§ 2241 is a "form of collateral attack"). Moreover, a subsequent change in the law does not make an appeal waiver involuntary. *United States v. Vela*, 740 F.3d 1150, 1151 (7th Cir. 2014).

Petitioner does not claim that his plea or appeal and collateral attack waivers were involuntary or invalid. In any event, a § 2241 petition is not the appropriate vehicle for raising this argument. Petitioner also does not appear to

have raised the issue in his previous § 2255 motions. For these reasons, the Court finds that Petitioner waived his right to bring this collateral attack on his sentence, and this action must be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) is summarily **DISMISSED** with prejudice for the reasons stated above. Respondent **WERLICH** is also **DISMISSED** with prejudice.

If Petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within sixty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Petitioner does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

4

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.20
09:56:22 -05'00'

_____
United States District Judge